F.#2013R00786

**13 MC 540**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

IN RE APPLICATION OF THE
UNITED STATES OF AMERICA FOR
AUTHORIZATION TO OBTAIN
LOCATION DATA CONCERNING
(1) A MOBILE TELEPHONE
ASSIGNED NUMBER (347) 392-0246
AND (2) A MOBILE TELEPHONE
ASSIGNED NUMBER (571) 337-7018

- - - - - - - - - - - - - - - - x

TO BE FILED UNDER SEAL

ORDER

        Application having been made for search warrants under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of (1) the cellular telephone assigned call number (347) 392-0246, subscribed to by Besnik Llakatura, 186 Jefferson Avenue, Staten Island, New York 10306 ("SUBJECT TELEPHONE 1"), whose wireless telephone service provider is Sprint ("Service Provider 1"), and (2) the cellular telephone assigned call number (571) 337-7018, used by REDINEL DERVISHAJ ("SUBJECT TELEPHONE 2"), whose wireless telephone service provider is T-Mobile ("Service Provider 2") (collectively, the "SUBJECT TELEPHONES" and "SERVICE PROVIDERS"), as further described in Attachments B-1 and B-2 to the respective search warrants (the "REQUESTED INFORMATION");

        The Court finds that there is probable cause to believe that the REQUESTED INFORMATION will constitute or lead to evidence of violations of extortion and conspiracy to commit extortion, in violation of 18 U.S.C. § 1951, as well as to the

identification of individuals who are engaged in the commission of these offenses.  The Court also finds that there is reasonable cause to believe that providing immediate notification of the execution of the warrants may seriously jeopardize an ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. See 18 U.S.C. §§ 2705(b)(2), 2705(b)(3) and 2705(b)(5). Furthermore, the execution of these warrants will not result in the seizure of any tangible property or any wire or electronic communication (as defined in 18 U.S.C. § 2510).  To the extent that the warrants authorize the seizure of any stored wire or electronic information, that seizure is expressly authorized by 18 U.S.C. § 2703(c)(1)(A).

IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) that law enforcement officers, beginning at any time within ten days of the date of this Order and for a period not to exceed 30 days, may obtain the REQUESTED INFORMATION concerning the SUBJECT TELEPHONES, with said authority to extend to any time of the day or night as required, including when the SUBJECT TELEPHONES leave the Eastern District of New York; all of said authority being expressly limited to ascertaining the physical location of the SUBJECT TELEPHONES and expressly excluding the contents of any

communications conducted by the user(s) of the SUBJECT TELEPHONES.

It is further ORDERED that the SERVICE PROVIDERS assist law enforcement by providing all information, facilities and technical assistance needed to ascertain the REQUESTED INFORMATION, including by initiating a signal to determine the location of the SUBJECT TELEPHONES on the respective service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order, and furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as the service provider accords the users of the SUBJECT TELEPHONES.

It is further ORDERED that the Federal Bureau of Investigation compensate the SERVICE PROVIDERS for reasonable expenses incurred in complying with any such request.

It is further ORDERED that the Court's Order and the accompanying Affidavit submitted in support thereof be sealed until further Order of the Court, except that copies of the Court's Order in full or redacted form may be maintained by the United States Attorney's Office, and may be served on law enforcement officers, and other government and contract personnel acting under the supervision of such law enforcement officers,

and the SERVICE PROVIDERS as necessary to effectuate the Court's Order.

It is further ORDERED that these warrants be returned to the issuing judicial officer within 14 days after the termination of the monitoring period authorized by the warrants.

It is further ORDERED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), service of notice may be delayed for a period of 30 days after the termination of the monitoring period authorized by the warrants or any extension thereof.

It is further ORDERED under 18 U.S.C. § 2705(b) that Sprint and T-Mobile, respectively, shall not disclose the existence of the attached warrants, or this Order of the Court, to the listed subscribers or to any other person, unless and until otherwise authorized to do so by the Court, except that Sprint and T-Mobile, respectively, may disclose the attached warrants to an attorney for Sprint and T-Mobile, respectively, for the purpose of receiving legal advice.

It is further ORDERED that this Order apply to any changed mobile telephone number subsequently assigned to the SUBJECT TELEPHONES within the period of this Order.

It is further ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

Dated:   Brooklyn, New York
         July 16, 2013

                                      THE HONORABLE CHERYL L. POLLAK
                                      UNITED STATES MAGISTRATE JUDGE
                                      EASTERN DISTRICT OF NEW YORK

# United States District Court

_____EASTERN_____ DISTRICT OF _____NEW YORK_____

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)

THE PREMISES KNOWN AND DESCRIBED AS:
A CELLULAR TELEPHONE ASSIGNED CALL NUMBER (347)
392-0246, WITH SERVICE PROVIDED BY SPRINT

## SEARCH WARRANT

**CASE NUMBER:**

13 MC 540

TO: **Agents of the FBI** _____ and any Authorized Officer of the United States

Affidavit(s) having been made before me by __JOSEPH CHIMIENTI_____ who has reason to
                                                    Affiant

believe that ☐ on the person of or ☒ on the premises known as (name, description and/or location)

THE PREMISES KNOWN AND DESCRIBED AS A CELLULAR TELEPHONE ASSIGNED CALL
NUMBER (347) 392-0246, WITH SERVICE PROVIDED BY SPRINT, as set forth in
Attachment A-1

in the __EASTERN_____ District of __NEW YORK_____ there is now concealed a certain
person or property, namely (describe the person or property)

Evidence, fruits and instrumentalities of violations of Title 18, United
States Code, Section 1951, as set forth in Attachment B-1.

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or
property so described is now concealed on the person or premises above-described and establish grounds for the issuance
of this warrant.

YOU ARE HEREBY COMMANDED to search on or before __July 30, 2013_____
                                                                    Date

(not to exceed 14 days) the person or place named above for the person or property specified, serving this warrant and
making the search ~~(in the daytime—6:00 A.M. to 10:00 P.M.)~~ (at any time in the day or night as I find reasonable cause has
been established) and if the person or property be found there to seize same, leaving a copy of this warrant and receipt
for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this
warrant to __the Magistrate Judge on duty_____ as required by law.
            United States Judge or Magistrate Judge

__7/16/13   11:30 am__        at   Brooklyn, New York
Date and Time Issued                    City and State

Hon. Cheryl L. Pollak, U.S.M.J.                      _____[signature]_____
Name and Title of Judicial Officer                   Signature of Judicial Officer

## ATTACHMENT A-1

### Property To Be Searched

1. The cellular telephone assigned call number (347) 392-0246 ("SUBJECT TELEPHONE 1"), whose wireless service provider is Sprint, a company headquartered at 6200 Sprint Parkway, Overland Park, KS 66251.

2. Information about the location of SUBJECT TELEPHONE 1 that is within the possession, custody, or control of Sprint, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B-1
### Particular Things to be Seized

All information about the location of SUBJECT TELEPHONE 1 described in Attachment A-1 for a period of thirty days, during all times of day and night. "Information about the location of SUBJECT TELEPHONE 1" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A-1.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Sprint, Sprint is required to disclose the Location Information to the government. In addition, Sprint must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Sprint's services, including by initiating a signal to determine the location of SUBJECT TELEPHONE 1 on Sprint's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Sprint for reasonable expenses incurred in furnishing such facilities or assistance.

To the extent that the Location Information includes tangible property, wire or electronic communications (as defined in 18 U.S.C. § 2510), or stored wire or electronic information, there is reasonable necessity for the seizure. See 18 U.S.C. § 3103a(b)(2).

# United States District Court

__EASTERN__ DISTRICT OF __NEW YORK__

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)

THE PREMISES KNOWN AND DESCRIBED AS:
A CELLULAR TELEPHONE ASSIGNED CALL NUMBER (571) 337-7018, WITH SERVICE PROVIDED BY T-MOBILE

**SEARCH WARRANT**

**CASE NUMBER:**

13 M___ _40

TO: __Agents of the FBI__ and any Authorized Officer of the United States

Affidavit(s) having been made before me by __JOSEPH CHIMIENTI__ who has reason to
                                              Affiant

believe that ☐ on the person of or ☒ on the premises known as (name, description and/or location)

THE PREMISES KNOWN AND DESCRIBED AS A CELLULAR TELEPHONE ASSIGNED CALL NUMBER (571) 337-7018, WITH SERVICE PROVIDED BY T-MOBILE, as set forth in Attachment A-2

in the __EASTERN__ District of __NEW YORK__ there is now concealed a certain person or property, namely (describe the person or property)

Evidence, fruits and instrumentalities of violations of Title 18, United States Code, Section 1951, as set forth in Attachment B-2.

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before __July 30, 2013__
                                                        Date

(not to exceed 14 days) the person or place named above for the person or property specified, serving this warrant and making the search ~~(in the daytime - 6:00 A.M. to 10:00 P.M.)~~ (at any time in the day or night as I find reasonable cause has been established) and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to __the Magistrate Judge on duty__ as required by law.
                      United States Judge or Magistrate Judge

__7/16/13   11:30a__  at  Brooklyn, New York
Date and Time Issued                    City and State

Hon. Cheryl L. Pollak, U.S.M.J.         _[signature]_
Name and Title of Judicial Officer      Signature of Judicial Officer

## ATTACHMENT A-2

### Property To Be Searched

1. The cellular telephone assigned call number (571) 337-7018 ("SUBJECT TELEPHONE 2"), whose wireless service provider is T-Mobile, a company headquartered at 12920 SE 38th Street, Bellevue, WA 98006.

2. Information about the location of SUBJECT TELEPHONE 2 that is within the possession, custody, or control of T-Mobile, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B-2
### Particular Things to be Seized

All information about the location of SUBJECT TELEPHONE 2 described in Attachment A-2 for a period of thirty days, during all times of day and night. "Information about the location of SUBJECT TELEPHONE 2" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A-2.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile, T-Mobile is required to disclose the Location Information to the government. In addition, T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of SUBJECT TELEPHONE 2 on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

To the extent that the Location Information includes tangible property, wire or electronic communications (as defined in 18 U.S.C. § 2510), or stored wire or electronic information, there is reasonable necessity for the seizure. See 18 U.S.C. § 3103a(b)(2).